Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| JOSÉ E. BARRETO CONCPECIÓN<br><br>Peticionario<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Agencia Recurrida | KLRA202400571 | Revisión procedente del Departamento de Corrección y Rehabilitación<br><br>#4301 |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Rodríguez Flores.

Sánchez Ramos, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de octubre de 2024.

El Sr. José E. Barreto Concepción (el "Recurrente"), miembro de la población correccional, comparece, por derecho propio, mediante el presente recurso de revisión judicial, y nos solicita que revisemos la determinación del Departamento de Corrección y Rehabilitación ("Corrección") de mantenerlo en custodia máxima. Según se explica a continuación, concluimos que procede la confirmación de la decisión impugnada.

I.

En agosto de este año, el correspondiente Comité de Clasificación y Tratamiento evaluó el nivel de custodia del Recurrente y determinó mantenerlo en custodia máxima (la "Determinación"). El Comité expuso que el Recurrente "cumple una sentencia consolidada de 153 años … de los cuales ha cumplido 7 años, 8 meses y 17 días".

El Comité descansó en "las modificaciones discrecionales de historial de violencia excesiva, afiliación con gangas y desobediencia

Número Identificador
SEN2024_____

ante las normas". Señaló que al Recurrente "se [le] nombra en el bajo mundo como el líder de una organización criminal que se dedicaba al tráfico de drogas y armas", y que este "ha salido positivo al uso de sustancias controladas [y] ha rehusado [] realizarse prueba de detección de sustancias controladas". Consignó que el Recurrente "aún niega haber participado [del] asesinato" por el cual fue condenado, por lo cual no ha "dado su primer paso en el proceso de rehabilitación".

El Recurrente solicitó la reconsideración de la Determinación, como resultado de lo cual Corrección confirmó la misma el 17 de septiembre.

El 15 de octubre, el Recurrente presentó el recurso que nos ocupa. Arguye que Corrección erró porque no podían considerarse la "gravedad del delito ni la "extensión o largo de la sentencia". Señaló que, según la escala numérica del formulario correspondiente, debió ser reclasificado a custodia mediana. Resolvemos.

II.

En la evaluación de una solicitud de revisión judicial, los tribunales tienen que otorgar gran deferencia a las decisiones que toman las agencias administrativas, pues son éstas las que, de ordinario, poseen el conocimiento especializado para atender los asuntos que les han sido encomendados por ley. *Camacho Torres v. AAFET*, 168 DPR 66, 91 (2006).

Se presumen correctas las determinaciones de hecho emitidas por las agencias administrativas y éstas deben ser respetadas a menos que quien las impugne presente evidencia suficiente para concluir que la decisión de la agencia fue irrazonable de acuerdo a la totalidad de la prueba examinada. *Íd.* Por lo tanto, "la revisión judicial ha de limitarse a determinar si la agencia actuó

arbitrariamente, ilegalmente o de manera tan irrazonable que su actuación constituyó un abuso de discreción". *Íd.*

Por su parte, debemos sostener las determinaciones de hecho de la agencia cuando estén basadas en evidencia sustancial que surja del expediente administrativo. 3 LPRA sec. 9675. Sin embargo, el tribunal podrá revisar en todos sus aspectos las conclusiones de derecho de la agencia. *Íd.*

En resumen, al ejercer nuestra facultad revisora, debemos considerar los siguientes aspectos: (1) si el remedio concedido fue apropiado; (2) si las determinaciones de hecho están basadas en evidencia sustancial que surge del expediente, y (3) si las conclusiones de derecho fueron correctas. *Pagán Santiago et al. v. ASR*, 185 DPR 341, 358 (2012).

III.

El Plan de Reorganización Núm. 2 del 21 de noviembre de 2011, según enmendado, conocido como el Plan de Reorganización del Departamento de Corrección y Rehabilitación, 3 LPRA Ap. XVIII, autoriza a Corrección a reglamentar lo relacionado con la clasificación de los miembros de población correccional. Véanse, Artículos 4 y 5(a) y 5(c) del Plan de Reorganización Núm. 2 de 2011, *supra*; *Cruz v. Administración,* 164 DPR 341 (2005).

De conformidad con el referido Plan, Corrección aprobó el Reglamento 8281 (*Manual para la Clasificación de Confinados*, de 30 de noviembre de 2012, o el "Reglamento"). En su Sección 7, el Reglamento establece que un comité revisará periódicamente los niveles de custodia para los confinados, para lo cual se utilizará el *Formulario de Reclasificación de Custodia/Escala de Reclasificación de Custodia,* el cual está incluido como apéndice al Reglamento.

Para determinar la clasificación correspondiente, se utilizan renglones objetivos, lo cual arroja cierta puntuación numérica. Algunos de los renglones son, por ejemplo, gravedad de los cargos y

sentencias actuales, historial de delitos graves previos, historial de fuga, acciones disciplinarias, edad y participación en programas y tratamiento. La evaluación de cada criterio arroja una puntuación, dependiendo, por ejemplo, del número de acciones disciplinarias previas, etc.

No obstante, el Formulario provee criterios adicionales, algunos discrecionales y otros no, los cuales, junto a la puntuación numérica, se utilizan para determinar el grado de custodia que finalmente se recomendará para determinado confinado o confinada. Por ejemplo, y en lo pertinente, el Formulario contempla un número de "modificaciones discrecionales para un nivel de custodia más alto" (por ejemplo, "historial de violencia excesiva", "afiliación con gangas" y "desobediencia ante las normas"), así como un número de "modificaciones discrecionales para un nivel de custodia más bajo" (por ejemplo, conducta excelente o estabilidad emocional).

La determinación administrativa sobre el nivel apropiado de custodia requiere sospesar adecuadamente, por un lado, el interés público de lograr la rehabilitación del confinado y mantener la seguridad institucional y, por el otro, el interés particular del confinado de permanecer en determinado, o moverse a otro, nivel de custodia. Sección 7 del Reglamento 8281; *Cruz, supra.*

Una determinación administrativa sobre nivel de custodia deberá sostenerse "siempre que no sea arbitraria o caprichosa y esté fundamentada en evidencia sustancial"; es decir, se sostendrá siempre que la decisión sea "razonable" y se haya respetado el procedimiento reglamentario aplicable. *Cruz,* 164 DPR a la pág. 355.

IV.

Concluimos que procede la confirmación de la decisión recurrida, pues el Recurrente no demostró que la misma sea irrazonable o contraria a derecho.

Contrario a lo planteado por el Recurrente, Corrección no utilizó la modificación discrecional de "gravedad del delito" ni la extensión de la sentencia al determinar que este debería permanecer en custodia máxima. Surge claramente del récord que, en vez, las modificaciones discrecionales utilizadas fueron las de "historial de violencia excesiva", "afiliación con gangas" y "desobediencia ante las normas". Nada de lo expuesto por el Recurrente demuestra que Corrección haya errado al aplicar dichas modificaciones en este caso.

Según arriba reseñado, Corrección tiene autoridad, bajo los términos del Formulario (el cual forma parte del Reglamento), para, como lo hizo aquí, tomar en cuenta los factores mencionados y, así, acorde con la discreción allí contemplada, mantener al Recurrente en un nivel máximo de custodia. No surge del récord que este ejercicio de discreción haya sido arbitrario o infundado a la luz del récord, ni el Recurrente impugna los hechos sobre la base de los cuales Corrección ejerció su discreción. Así pues, de la totalidad del récord ante nosotros, no se desprende que la determinación impugnada sea irrazonable, contraria a derecho o arbitraria.

Adviértase, además, que las autoridades correccionales necesitan un amplio margen de discreción y flexibilidad para manejar los asuntos relacionados con la seguridad y rehabilitación de los miembros de la población correccional, por lo que nuestra intervención al respecto debe limitarse a situaciones en que la agencia ha incurrido en algún claro abuso de discreción o ha actuado ilegalmente. Véase, por ejemplo, *Cruz*, 164 DPR a las págs. 356-57; *Báez Díaz v. ELA*, 179 DPR 605, 623-24 (2010); *Álamo Romero v. Adm. de Corrección*, 175 DPR 314, 331 (2009).

V.

Por los fundamentos antes expuestos, confirmamos la decisión impugnada.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones